# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>Plaintiff,<br><br>vs.<br><br>BOUALIENE SYPRASERT ;<br><br>Defendant. | No. 1:17-cv-00378-DAD-EPG<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND REQUEST FOR ATTORNEYS' FEES**<br><br>(ECF No. 24) |

Plaintiff Jose Trujillo has moved for enforcement of a settlement agreement with defendant Boualiene Syprasert and for an award of attorneys' fees in the amount of $4,320 (ECF No. 24). Defendant has not filed a response to the motion. After reviewing the relevant law and the record in this case, the Court recommends that the District Judge grant Plaintiff's request to enforce the Settlement Agreement, grant Plaintiff's request for attorneys' fees but reduce the attorneys' fees as discussed herein, and enter judgment in favor of Plaintiff.

## I. BACKGROUND

Plaintiff, who is physically disabled, filed this action against Defendant alleging that certain aspects of a facility known as Ninety Eight Plus, which is owned, operated, and/or leased by Defendant, violate the accessibility requirements of Title III of the Americans with Disabilities Act ("ADA") and related state laws and regulations. Shortly after the Court issued its Scheduling Order, the parties entered into a Settlement Agreement and Release In Full ("Settlement Agreement" or "Agreement"). (ECF 24-3.) On September 5, 2017, the same date that Defendant

1

signed the Agreement, Plaintiff filed a notice with the Court that the case had settled, and requested that he be provided until October 9, 2017, to file dispositional documents with the Court. (ECF No. 11.) The Court granted the request, giving the parties until October 13, 2017, to file the dispositional documents. (ECF No. 12.)

Plaintiff subsequently requested three extensions of time to file dispositional documents, explaining that although the Settlement Agreement required Defendant to make a settlement payment by September 22, 2017, Defendant had not yet made such payment. (ECF Nos. 13, 15, 17.) The Court granted the requests. (ECF No. 14, 16, 18.) Plaintiff subsequently filed a request for an Order to Show Cause as to why Defendant should not be sanctioned for failing to make the payment required under the Settlement Agreement, the payment of which is a prerequisite to the filing of dispositional documents. (ECF No. 19.) The Court held a telephonic status conference in January 2018 during which the Court asked the parties to further explore alternative methods for bringing the case to conclusion, and granted the parties until March 23, 2018, to file dispositional documents or file a report on the status of the case. (ECF No. 21.)

On March 23, 2018, Plaintiff filed a status report, noting that Defendant still had not tendered the payment due under the Settlement Agreement, and that Defendant's counsel had represented that Defendant was no longer responding to counsel's communications. (ECF No. 22.) Plaintiff requested that he be provided thirty days to file a motion to enforce the settlement agreement, and the Court granted that request (ECF No. 23). Plaintiff filed his Motion to Enforce the Settlement Agreement and Request for Attorneys' Fees on April 25, 2018 (ECF No. 24). Defendant has not filed an opposition to Plaintiff's motion to enforce the Settlement Agreement, or otherwise challenged the validity or enforceability of the Agreement, and has not opposed Plaintiff's request for attorneys' fees.

**II. DISCUSSION**

**A. Enforcement of Settlement Agreement**

The Court has inherent authority to enforce settlement agreements between the parties in cases pending before it. *See Metronet Services Corp. v. U.S. West Communications*, 329 F.3d 986, 1013-1014 (9th Cir. 2003), *cert. granted and judgment vacated on other grounds*, *Quest*

*Corp. v. Metronent Services Corp.*, 540 U.S. 1147 (2004); *Doi v. Halekulani Corporation*, 276 F.3d 1131, 1136-1138 (9th Cir. 2002). To enforce a settlement agreement, two elements must be satisfied. First, the settlement agreement must be complete. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *Doi*, 276 F.3d at 1137. Second, the settlement agreement must be the result of an agreement of the parties or their authorized representatives concerning the terms of the settlement. *See Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-1145 (9th Cir. 1977); *Doi*, 276 F.3d at 1137-1138.

The Settlement Agreement at issue here meets both of the requirements for enforcement in this pending case. The Agreement is in writing, is signed by the parties, and sets forth the terms of settlement. The Agreement states that the parties wish to resolve the pending litigation by settling all of Plaintiff's claims and disputes related to the Defendant's operation of the Ninety Eight Plus property; that Defendant will pay Plaintiff a settlement payment in the amount of $7,500 within 21 days of September 5, 2017, and will make certain specified modifications and accommodations to the Ninety Eight Plus property such that the specified items comply with the ADA; that Plaintiff will in turn release all claims against Defendant related to the property and for attorneys' fees and costs incurred prior to the effective date of the Agreement; and that within five business days of receiving the settlement payment, Plaintiff will file the documents necessary to effect dismissal of the case with prejudice, or prepare and circulate to Defendant a stipulation for dismissal of the case with prejudice. (ECF No. 24-3.)

Defendant has not filed an opposition to Plaintiff's motion to enforce the Settlement Agreement, or otherwise challenged the validity or enforceability of the Agreement. The Court therefore recommends that Plaintiff's motion to enforce the Settlement Agreement be granted. The Court also recommends that Plaintiff's request that judgment be entered against Defendant in the amount of $7,500 be granted.

**B. Attorneys' Fees**

The Settlement Agreement provides:
[I]n the event that future and additional litigation is reasonably required by the Parties, either individually or collectively, to remedy a breach of this Agreement and/or enforce the Parties' respective rights pursuant to this Agreement, the prevailing party or parties as determined by a court of competent jurisdiction shall be entitled to recover from the non-

prevailing party as also determined by a court of competent jurisdiction all reasonable costs, attorneys' fees, and expenses reasonably incurred in such future and additional litigation.

(ECF No. 24-3 at 8 (§ 6.9 of the Settlement Agreement).)

Plaintiff is the prevailing party in the matter of enforcement of the Settlement Agreement. Defendant has not opposed Plaintiff's motion for enforcement and there is no evidence or indication that Defendant has complied with his obligations under the Agreement. Defendant also has not opposed Plaintiff's request for attorneys' fees. The Court finds Plaintiff is entitled to recover reasonable attorneys' fees incurred in seeking to enforce the Agreement.

Plaintiff seeks $4,320 in attorneys' fees for time spent by counsel seeking to enforce the Settlement Agreement. As Plaintiff's counsel, Mr. Zachary Best, recognizes, this district has found an hourly rate of $300 to be a reasonable hourly rate for him. *See Trujillo v. Lakhani*, No. 17-cv-00056, 2017 WL 1831942, at *8 (E.D. Cal. May 8, 2017) (finding $300 a reasonable hourly rate for Mr. Best's time expended in a similar ADA action); *Acosta v. Dinh Ngoc Le*, No. 17-cv-01008-LJO-BAM, 2018 WL 417263, at *6 (E.D. Cal. Jan. 16, 2018) (finding no reason to depart from the district's previous determination that $300 is a reasonable hourly rate for Mr. Best). The Court finds no reason to depart from these previous determinations and accordingly finds $300 to be a reasonable hourly rate Mr. Best's time.

Plaintiff seeks recovery for 14.4 hours billed by Mr. Best. The Court has reviewed the billing records submitted by Mr. Best and finds a portion of the 14.4 hours to be excessive in light of Mr. Best's experience and recommends a reduction as follows:

| Date | Description | Time Billed | Time Disallowed |
|---|---|---|---|
| 10/16/2017 | Review order re extension of time to file dispo docs | 0.2 | 0.1 |
| 10/13/2017 | Confer with IM re Defs have not paid yet. Instruct him to file request for relief from deadline re dismissal | 0.3 | 0.2 |
| 10/25/2017 | Review email from Owdom re his clients can't pay by deadline. Review file for history of post settlement | 0.2 | 0.1 |

| Date | Description | Hours | Reduction |
|---|---|---|---|
| 11/6/2017 | Confer with IM re Def's failure to pay. Email Owdom re same | 0.2 | 0.1 |
| 11/16/2017 | Read and respond to email from Owdom re payment | 0.2 | 0.1 |
| 11/27-28/2017 | Confer with MS re payment still not received and options. Draft OSC request. Confer with MS re revising OSC request. Make revisions | 4.0 | 2.0 |
| 3/13/2018 and 3/22/2018 | Research enforcement of settlement. Further research into Motion to Enforce Settlement Agreement | 1.0 | 0.5 |
| 4/24-25/2018 | Research and draft motion to enforce settlement agreement. Finalize motion to enforce and dec in support thereof | 6.2 | 3.1 |

The Court recommends that Mr. Best's billed time should be reduced by 6.2 hours in relation to these tasks.

With the recommended reductions for disallowed time, the Court finds that Plaintiff should be allowed to recover for 8.2 hours of attorney time at the hourly rate of $300. The Court therefore recommends that Plaintiff be allowed to recover $2,460 in attorneys' fees.

### III.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED:

1. That Plaintiff's Motion to Enforce the Settlement Agreement and Request for Attorneys' Fees be GRANTED.
2. That judgment be entered in Plaintiff's favor and against Defendant in the amount of $9,960 as follows:
    a. Plaintiff be awarded damages in the amount of $7,500.
    b. Plaintiff be awarded attorneys' fees in the amount of $2,460.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file

objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 15, 2018**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE